## Case No. 5.

### ABBE v. CLARK.

[3 Ban. & A. 211;[1] 13 O. G. 274.]

Circuit Court, D. Connecticut. Feb. 4, 1878.

PATENTS FOR INVENTIONS—REISSUE—NEW MATTER.

1. The reissued patent granted to complainants, as assignees of Elijah C. Barton, September 14, 1875, for chime toys, *held* valid.

2. The purposes and scope of reissues considered.

[See Yale Lock Manuf'g Co. v. Scovill Manuf'g Co., 3 Fed. Rep. 288; United States & Foreign Salamander Felting Co. v. Haven, Case No. 16,788.]

[In equity. Bill by Horatio H. Abbe and others, trading as the Gong Bell Manufacturing Company, against Jonathan C. Clark and others to restrain the infringement of patent No. 150,933. Decree for an injunction and an account.]

J. C. Clayton, for complainants.

W. E. Simonds, for defendants.

SHIPMAN, District Judge. This is a bill in equity to restrain the defendants from the alleged infringement of reissued letters patent which were granted to the plaintiffs, as assignees of Elijah C. Barton, on September 14th, 1875. The original patent was dated May 19th, 1874. The invention is a child's toy, and, as shown in the drawings attached to the patent, is a pair of wheels connected by an axle, in combination with two open-mouthed or gong-shaped bells

[1][Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

mounted upon the axle and between the wheels, so as to revolve therewith, and to be caused to ring whenever the wheels are rotated. A tongue or draft-bar is also connected with the wheels, so as to allow the wheels and bells to be rotated independently of the draft-bar. The three claims of the reissue are: "1. The combination with the connected wheels A A, of one or more bells, arranged between, and connected to, said wheels, so as to revolve simultaneously therewith, and to ring when so revolving. 2. The combination of the loosely-connected tongue or draft-bar P with the wheels A —, and intermediately arranged revolving bell or bells. 3. The combination of the following elements: The wheels A A, a pair of open-mouthed or gong-shaped bells, C C, provided with striking mechanism, and an axle or cross-rod, B, connecting the said wheels."

The defendants manufacture and sell two toys. The first consists of a pair of wheels connected with each other by a drum or large hollow axle. Sleigh-bells are attached to the inside of the drum or axle, between the wheels, by elastic or rigid connections, which bells revolve simultaneously with the wheels, and ring when revolving. The second toy consists of a pair of wheels connected with each other by bent metallic rims or axles, and attached to one wheel, and encircled by the rims, is a sleigh-bell, which revolves with the wheels, and rings as it revolves. In each device a bell is so connected with the axle and wheels as to allow the wheels to revolve independently of the bell. The defendants deny the novelty of the patented invention, and also deny infringement.

The record shows that prior to the date of plaintiffs' original patent, the following inventions were known in the art: First, the toy of Joseph Deuell, invented in 1865, and patented May 26th, 1874, which consists of a ring made of a piece or pieces of leather, or some similar material, with one or more bells attached to the inner periphery of the ring. Second, the Crawford and Hervey patent, dated November 19th, 1867; the Charles C. Johnson patent of March 23d, 1869; the English patent of William Robert Blake, filed April 20th, 1869; and the Rivera Ward patent of December 27th, 1870. All these devices are children's trundling-hoops, to which are attached in various ways, either upon the inside of the hoops, or upon the spokes, bells, which ring as the hoop is trundled. Third, the George W. Brown patent of June 25th, 1872, which consists of a pair of connected wheels of different diameters. It has a bell which rings by the jolting of the vehicle, but has no bell connected with the wheels so as to revolve simultaneously therewith. Fourth, the bell of William H. Nichols, patented August 27th, 1872, which is a call bell composed of two open-mouthed gong-bells which revolve upon a fixed horizontal shaft. No one of these articles has the characteristic features of the plaintiffs'

device, but are widely removed from their toy. The evidence in regard to the pre-existing devices shows that Barton's invention consisted in the combination of two connected wheels, with a bell or bells arranged between, and upon the axle of the wheels, which bells are connected with the wheels so as to revolve therewith, and to ring when revolving, the arrangement of wheels and bells being substantially as described. The load of bells is put between the connected wheels, and the bells revolve with the revolving wheels. He had apparently no predecessor in this combination.

It cannot be earnestly denied that the defendants' toys infringe the terms of the first and second claims of the reissue, if the plaintiffs are entitled to the described combination of connected wheels with a bell or bells of any shape. But it is insisted that in the original patent the invention was limited to gong-shaped bells, and that the first and second claims of the reissue are void unless the bell or bells which are therein mentioned are also thus limited. It is true that the plaintiffs' original specification and drawings describe gong-bells, and that the claim of the original patent was for a combination of wheels with a pair of open-mouthed or gong-shaped bells, etc. There is no difference between the drawings of the patents, and no substantial difference in the descriptive portion of the two specifications.

The purpose of a surrender and reissue is not to introduce new features, ingredients or devices, but to render effectual the actual invention for which the original patent should have been granted (Collar Co. v. Van Dusen, 23 Wall. [90 U. S.] 530;) but the actual invention is to be shown, suggested, or substantially indicated in the original specification, drawings or models, and the scope or effect of the invention is not to be enlarged so as to include what was not so shown, suggested or indicated. An inspection of the drawings and specification in this case clearly suggests that the shape of the bells was not an essential feature of the invention, but that their shape or form could be greatly modified, while the essential characteristics of the invention were unaltered. A moderate degree of mechanical skill could substitute a sleigh-bell or an ordinary open-mouthed bell for a gong-bell. The actual invention was indicated by the device as shown in the patent; but it was so claimed that any one might take advantage of and have the benefit of the original thought by a substitution of one form of bell for another. In order to protect inventors who have taken patents which are inoperative by reason of such inadvertence, the statute has provided for a surrender and reissue. The strong tendency of recent decisions has properly been to restrict the reissue to the precise thing which the patentee invented, and which he had shown or had indicated in the specification or drawings,

and not permit patentees to expand their claims and take in whatever improvements subsequent inventors have made. But in this case the invention manifestly had a wider scope than was claimed in the original patent. It follows that the first and second claims have been infringed. Let a decree be entered for an injunction, and an account.